UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1132 DOC (RNBx)            Date: January 25, 2012

Title: DR. BRADLEY-BROWN v. AMERICAN HOME MORTGAGE SERVICING, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                 NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO TRANSFER

Before the Court is Defendant American Home Mortgage Servicing, Inc.'s ("Defendant" or "AHMSI") Motion to Transfer the Action Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer") (Docket 16). The Court finds this matter appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion to Transfer.

I. BACKGROUND

Plaintiff Dr. Bradley-Brown ("Plaintiff") filed the present action on behalf of herself and all others similarly situated who have had a residential mortgage loan or line of credit serviced by Defendant, its affiliates, subsidiaries, divisions and/or predecessors, and been subjected to a force-placed hazard or flood insurance policy. Plaintiff alleges that if mortgagors fail to maintain required floor or hazard insurance policies, Defendant replaces borrowers' existing insurance policies with more expensive ones, known as "force-placed" insurance policies. Plaintiff asserts claims for violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), breach of contract (including breach of the implied covenant of good faith and fair dealing), violations of California's Unfair Competition Law, unjust enrichment/disgorgement, and declaratory and injunctive relief. On behalf of a proposed Pennsylvania subclass, Plaintiff asserts a claim for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

Defendant's corporation maintains its headquarters in Coppell, Texas. Plaintiff, a resident of Pennsylvania, filed her Complaint in the Central District of California. Defendant now seeks to transfer this case to the Northern District of Texas, claiming that it is a more convenient venue for the parties and witnesses.

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The district court enjoys broad discretion in determining whether transfer is appropriate under section 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988)), *cert. denied*, 531 U.S. 928, 121 S.Ct. 307 (2000). The moving party bears the burden of showing that transfer is appropriate. *The Carolina Casualty Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

Two factors control the appropriateness of transfer under 28 U.S.C. § 1404(a). First, a court must determine whether "the case could have been brought in the forum to which transfer is sought." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). After completing this step, the court must engage in an "individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498. The factors relevant to the court's determination include: "(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof and (9) any relevant public policy of the forum state." *Inherent.com*, 420 F. Supp. 2d at 1098 (citing *Jones*, 211 F.3d at 498-99).

## III. DISCUSSION

Defendant seeks to transfer this case to this Northern District of Texas. Because both parties agree that the case could have been brought in the Northern District of Texas, *see* Opposition, 5, fn. 2, the Court will begin its inquiry at the convenience and fairness stage. The Court agrees with Defendant's argument that the Northern District of Texas is a more convenient venue because (1) most witnesses and documents are located in Texas; (2) Texas is significantly more convenient for Defendants and will not be any less convenient for Plaintiff; (3) the factual basis for Plaintiff's claims took place in Texas; and (4) under the circumstances, Plaintiff's choice of forum is given little weight.

### 1. Most witnesses and documents are located in Texas.

The convenience of the witnesses is the most important factor in determining whether to transfer venue.

*See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 89 F.R.D. 497, 501 (C.D. Cal. 1981). The party seeking transfer must "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Fireman's Fund Ins. Co. v. Nat'l Bank for Cooperatives,* No. C 92-2667 BAC, 1993 WL 341274, at *4 (N.D. Cal. Aug. 27, 1993). Here, Defendant has met its burden. Defendant explains that because Plaintiff's claim challenges AHMSI's practice of providing lender-placed insurance, the primary witnesses will be AHMSI executives, all of whom work at AHMSI's headquarters in Coppell, Texas, which lies in the Dallas Division of the Northern District of Texas. Reply, 8. In particular, Defendant asserts that Steve Massey, AHMSI's Executive Vice President for Investor and Core Servicing, and Jerry Huey, AHMSI's Vice President of Escrow Administration, will provide testimony "critical to core allegations made by Plaintiff." *Id.* at 9. Further, Defendant contends that there are other members of AHMSI senior management that will be able to provide material testimony. *Id.* at 10.

Plaintiff's sole response is that because certain relevant documents had an Orange, California address, "potential witnesses in this action are likely to be individuals who work in , or around, Orange, California." Opposition, 10. The assumption lacks credibility when compared to Defendant's strong contention that there are no witnesses in Orange who can provide relevant information to this matter. Reply, 10. Because Defendant is in a position to know which members of its organization can provide information about Plaintiff's claims, its representations are likely to be more accurate than Plaintiff's mere presumptions. Defendant explains that the Orange location referenced in Plaintiff's Opposition is "solely that of a third-party vendor acting in an administrative capacity on AHMSI's behalf and pursuant to rules and guidelines created by AHMSI in Texas." *Id.* All of the witnesses who can testify about the substance of Plaintiff's claims are located in Texas. Thus, the convenience of the witnesses factor strongly weighs in favor of transferring the case to the Northern District of Texas.

The location and ease of access to relevant documents and other information is also a factor to be considered in a transfer request. *See Saleh v. Titan Corp.,* 361 F. Supp. 2d 1152, 1166 (S.D. Cal. 2005). Here, Defendant explains that the majority of "key business, accounting and operations documents of AHMSI . . . including policy manuals and servicing related documents," as well as the central documents regarding lender-placed insurance policy and procedures are at AHMSI's Coppell headquarters. Reply, 12. Defendant also alleges that it has access in Texas to all of the documents related to its Orange location. *Id.* Thus, it appears that the majority of relevant documents and information are also located in the Northern District of Texas.

**2. Texas is significantly more convenient for Defendants and will not be any less convenient for Plaintiff.**

If transfer would make litigation significantly more convenient for a defendant while not increasing plaintiff's inconvenience, this factor weighs in favor of granting the transfer. *See Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc.*, No. CV F 02-5664 AWI SMS, 2002 WL 32831640, at *10 (E.D. Cal. Aug. 19, 2002). This is exactly the case here. Defendant makes a compelling argument that

the Northern District of Texas, in which its headquarters and employees are located, would be significantly more cost-effective and convenient. Reply, 11. Plaintiff, a Pennsylvania resident, does not even attempt to argue that Texas would be a less convenient forum for her. As such, this factor weighs strongly in favor of granting the Motion to Transfer.

### 3. The factual basis for Plaintiff's claims took place in Texas.

In her Opposition, Plaintiff contends that the conduct described in the Complaint took place in California because AHMSI's "Insurance Department" is located in California and she received mail correspondence from an Orange, California address. Opposition, 3-5. Yet, as Defendant explains, AHMSI contracted with QBE FIRST, a third-party vendor located in California, for it to perform certain administrative and information-gathering services arising from AHMSI's insurance requirements for loans. Reply, 6. This vendor, however, performs its services "in strict compliance with specific rules and guidelines governing lender-placed insurance which were created and developed by AHSMI at its headquarters in Coppell, Texas." *Id.* Because Plaintiff's claims challenge the content of Defendant's policies and not any action taken by the vendor directly, all of the relevant decisions and the factual basis for her claims took place in Texas, not California. Finally, Defendant represents that the facility in Orange is scheduled to be closed by the end of the year, suggesting that, by the present date, it may already be closed. *Id.* at 7. This factor thus weighs strongly in favor of transfer.

### 4. Under the circumstances, the plaintiff's choice of forum is given little weight.

Plaintiff and Defendant agree that, in the class action context, a plaintiff's choice of forum is given less weight than in a typical transfer analysis. Reply, 4; Opposition, 7, fn. 3. *See Metz v. United States Life Ins. Co.,* 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ("Similarly, the Ninth Circuit 'like other courts, has noted that weight to be given the plaintiffs [*sic*] choice of forum is discounted where the action is a class action'."). The court must still consider the extent of both plaintiff's and defendant's contacts with the forum, including those relating to the plaintiff's cause of action, but "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Milton v. TruePosition, Inc.,* No. 08-cv-3616, 2009 WL 323036, at *2 (N.D. Cal. Feb. 9, 2009). Here, Plaintiff's sole contact with California appears to be via mail correspondence and, as discussed above, the factual basis for Plaintiff's claim took place primarily in Texas. This case is a class action and both Plaintiff and her claims lack significant ties to California. Plaintiff's choice of forum is thus entitled to minimal consideration.

Additionally, "a foreign plaintiff's forum choice [further] deserves less deference than the forum choice of a domestic plaintiff." *Saleh,* 361 F. Supp. 2d at 1157 (quoting *Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir. 2000)). Plaintiff is a citizen of Pennsylvania. Though Plaintiff filed this case in California, her forum choice is entitled to less deference because she is not a resident or citizen of California.

For these reasons, Plaintiff's choice of forum does not outweigh Defendant's interest in transferring venue to the Northern District of Texas. No factors weighs strongly in favor of keeping the case in California and each of the aforementioned factors weighs strongly in favor of transfer.

## IV. DISPOSITION

For the foregoing reasons, Defendant's Motion to Transfer is hereby GRANTED. This case shall be transferred to the Northern District of Texas.

Because this case is now transferred to the Northern District of Texas, this Court will not rule on the pending Motion to Dismiss (Docket 15). It is hereby DENIED as MOOT in the present court WITHOUT PREJUDICE. Defendant is free to refile the Motion to Dismiss in the new venue.

      The Clerk shall serve this minute order on all parties to the action.